# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | Case No. 7:24-CR-00008 |
| ) | |
| RICHARD HAMLETT         ) | |

## MOTION FOR VOLUNTARY DISCLOSURE OF GRAND JURY AND OTHER MATERIALS AND FOR A PROTECTIVE ORDER

The United States, by counsel, moves pursuant to Federal Rules of Criminal Procedure 6(e), 16, and 26.2, and the inherent authority of the Court to administer proceedings before it, for an Order permitting the voluntary disclosure of certain materials in discovery. The United States also moves for the entry of a protective order restricting or limiting the use of certain discovery in this matter, as discussed below.

### I. Motion for Voluntary Disclosure of Grand Jury and Other Materials

Pursuant to Federal Rules of Criminal Procedure 6(e), 16, and 26.2, the United States seeks the Court's permission to disclose grand jury materials, criminal histories, witness interview reports, materials that may be covered by the Privacy Act, and other materials as part of voluntary discovery. The United States and defense counsel may then use this material for the prosecution and defense of this case, respectively, and make such further disclosures as may be necessary for the sole purpose of prosecuting and defending this case.

### II. Motion for a Protective Order

The United States further moves for entry of a protective order restricting or limiting discovery material provided by the United States Attorney's Office to defense counsel.

### a. Legal Standard

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. *See* Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Aside from the express authority granted in Rules 16 and 49.1, the Court also has inherent authority to manage the discovery process in this case. *See United States v. Beckford*, 962 F. Supp. 748, 755–56 (E.D. Va. 1997) (citing cases). A "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Such orders may be granted upon a showing of good cause. *See* Fed. R. Crim. P. 16(d)(1).

### b. Materials Sought to Be Protected

The United States intends to voluntarily provide far more expansive discovery than what is required by *Brady*, *Giglio*, the Jencks Act, and Rule 16. The United States anticipates disclosure of, at a minimum, the following categories of materials:

- Grand jury transcripts and records;
- Jencks Act material, including reports and recordings of witness interviews;
- Reports and other information involving third parties; and
- Criminal history records of the defendant and third parties;

Each of these categories of materials should be covered by a protective order for the reasons explained below. A protective order balances the United States' interests in shielding witnesses, third parties, and law enforcement investigative methods with the defendant's interest in receiving expansive and efficient discovery. The defendant's access to these materials outside the presence

of defense counsel should be limited to prevent the intentional or inadvertent dissemination of such information.

### i.   Grand Jury Transcripts and Records

Rule 6(e) requires the United States to safeguard "matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). Although the United States moves for an order permitting it to disclose grand jury transcripts and records, *see id.* (e)(3)(E), grand jury materials should be covered by the protective order to preserve grand jury secrecy to the maximum extent possible.

### ii.   Jencks Act Material

The disclosures required by the Jencks Act and Fed. R. Crim. P. 26.2 are not required to be made until after a witness has testified on direct examination.  Nevertheless, to promote a timely resolution of the case and to account for the parties' interests in full and efficient discovery, the United States intends to disclose Jencks Act material in advance of trial so long as they are also subject to a protective order protecting their further disclosure. These materials also contain significant amounts of third-party information. Public disclosure of these materials could endanger witnesses, subject them to intimidation, and chill their candor in this and other cases in which they are involved. There is also a need to protect the privacy interests and confidential information of third parties and victims.

### iii.   Reports and Other Information Involving Third Parties

In addition to the above-described material, the discovery includes other reports and other information involving third parties. As with some of the other categories of information described here, public disclosure of these materials could endanger witnesses, subject them to intimidation, and chill their candor in this and other cases in which they are involved. There is also a need to protect the privacy interests and confidential information of third parties and victims.

### iv. Criminal History Records

The case file contains the criminal histories of the defendant and other individuals. Given the highly sensitive nature of the information contained in those records, they should be protected.

### III.     CONCLUSION

The United States submits that it has advanced good cause to enter the requested protective order. The attached proposed Order is intended to:

1. Advance the case;
2. Protect the secrecy of grand jury and other evidentiary materials;
3. Prevent the unauthorized dissemination of materials voluntarily provided by the United States, which dissemination would endanger witnesses, subject them to intimidation, chill their candor, violate their privacy, and impede future investigations; and
4. Provide notice of sanctions in the event these materials were deliberately disclosed in an unauthorized manner or to unauthorized persons.

The Government submits the proposed restrictions constitute a reasonable balance of the various interests involved in this case, including the defendant's interest in full and efficient discovery.

**WHEREFORE**, the United States respectfully requests that the Court find that it has shown "good cause" and grant its Motion and enter the accompanying Order that (1) permits the government to disclose to counsel for the defense materials to advance the case and as may be required; (2) restricts the defendant's access and ability to disseminate certain discovery materials as discussed above; (3) provides notice of sanctions in the event these materials were deliberately disclosed in an unauthorized manner or to unauthorized persons; and (4) reserves the rights of the

parties to seek further modification of this Order as the needs of the case may require.

    Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ Jason M. Scheff
Jason M. Scheff
Assistant United States Attorney
New York Bar No. 5188701
United States Attorney's Office
310 First Street, SW, 9th Floor
Roanoke, Virginia 24011
540-857-2250
Jason.Scheff@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2024, I caused to be filed this Motion for Voluntary Disclosure of Grand Jury and for a Protective Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        s/Jason M. Scheff
                                        Assistant United States Attorney